UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MILLAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:09-mc-460 (CEJ) |
| LAKIN LAW FIRM, P.C., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion, pursuant to Federal Rules of Civil Procedure 45 and 26, to quash, or, in the alternative, to modify the subpoenas duces tecum served upon non-parties Danna McKitrick, P.C. (Danna McKitrick), Joel B. Eisenstein (Eisenstein), and Amber Millar (Millar). Defendants have responded and the issues are fully briefed.

### I. Background

On February 4, 2009, plaintiff brought an action against defendants in the United States District for the Southern District of Illinois, asserting claims of breach of an employment contract, violation of the Illinois Wage Payment and Collection Act, quantum meruit, and wrongful discharge in violation of the Employment Retirement Income Security Act. See Jeffrey Millar v. Lakin Law Firm, P.C., No. 3:09-CV-101 (JPG-PMF). Defendants contend "that no such written [employment] contract ever existed." (Doc. #2, at 1).

Subsequently, defendants served upon plaintiff a set of requests for admission. Request for admission No. 14 asks plaintiff to admit that, "[d]uring his divorce proceedings, [he] testified that he had no employment contract with the

Lakin Law Firm." (Doc. #1-5, at 2). In response, plaintiff "admit[s] that[,] during [his] divorce proceeding[, he] repeated the representations made to [him] by the Lakin Law Firm that it could not locate, and therefore, [he] did not have an employment contract with Lakin Law Firm." (Doc. #1-5, at 2).

On August 12, 2009, defendants served subpoenas duces tecum on Millar, who is plaintiff's ex-wife, Danna McKitrick, which represented Millar in the divorce proceedings, and Eisenstein, the attorney who represented plaintiff in the divorce. In an attachment to the subpoenas, defendants requested the following materials:

    1. All deposition transcripts or sworn statements given by Jeffrey Millar in regards to the divorce proceedings.

    2. All responses and answers to formal discovery submitted by Jeffrey Millar, his attorney or anyone else acting on his behalf, including responses to request for production of documents and information, responses to written interrogatories and responses to requests to admit in regards to the divorce proceedings.

    3. All responses to informal requests for information submitted by Jeffrey Millar, his attorneys or anyone else acting on his behalf in regards to the divorce proceedings.

    4. All documents and information obtained from third-parties either by way of subpoena or informal request in regards to the divorce proceedings.

    5. All transcripts of trial testimony given by Jeffrey Millar in the divorce proceedings.

    6. All correspondence between Jeffrey Millar and Amber Millar or their respective counsel regarding whether or not Jeffrey Millar had a written employment contract with the Lakin Law Firm.

    7. All non-privileged documents related to the divorce proceedings in any way indicating whether or not Jeffrey Millar claimed to have a written employment contract with the Lakin Law Firm or indicating whether or not Jeffrey Millar did in fact have a written employment contract with the Lakin Law Firm.

> 8. All non-privileged documents that in any way indicate whether or not Jeffrey Millar claimed to have a written employment contract with the Lakin Law Firm or indicating whether or not Jeffrey Millar did in fact have a written employment contract with the Lakin Law Firm.

(Doc. #1-2, at pp. 3-4; #1-3, at pp. 3-4; #1-4, at pp. 3-4).

On September 2, 2009, plaintiff filed the instant motion to quash, in which he asserts, *inter alia*, that "[d]efendants have already obtained a copy of the CD of all [the] trial testimony in the Millar divorce." (Doc. #1, at 2).

II. **Discussion**

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter <u>that is relevant</u> to any party's claim or defense––including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1) (emphasis added).

Here, the subpoenas in question command Millar, Eisenstein, and Danna McKitrick to produce specific information and documents that relate to statements that plaintiff made during his divorce proceedings, regarding whether he had a written employment contract with the Lakin Law Firm. Defendants obtained a copy of the record from plaintiff's and Millar's divorce proceedings; however, "the divorce case court file does **not** include discovery responses, and . . . the divorce hearings were terminated **before** [p]laintiff testified about his income." (Doc. #2, at 7) (emphasis in original). Moreover, plaintiff contends that his admission that he had no employment contract with Lakin Law firm was "based upon

representations made to him by members of the Lakin Law Firm." (Doc. #1, at 3). Defendants' discovery requests could reveal that "[p]laintiff's responses to discovery in the divorce case are inconsistent with" his admission that Lakin Law Firm led him to believe that he had no written employment contract. (Doc. #2, at 6). As such, the Court believes that defendants' discovery requests are relevant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to quash the subpoenas duces tecum [Doc. #1] is **denied**.

**IT IS FURTHER ORDERED** that Danna McKitrick, P.C., Joel B. Eisenstein, and Amber Millar shall produce the documents requested by the subpoenas duces tecum not later than **October 30, 2009**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2009.